**THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| JOEL RUIZ<br>ANA MARIA RUIZ<br>*Plaintiffs*,<br><br>V.<br><br>UNITED STATES OF AMERICA<br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. **5:26-cv-1403** |

**COMPLAINT FOR INVERSE CONDEMNATION**

Plaintiffs, Joel Ruiz and Ana Maria Ruiz, by and through the undersigned attorneys, file this their Complaint for Inverse Condemnation against Defendant United States of America, and in support thereof states as follows:

**INTRODUCTION**

1. Plaintiffs bring this inverse condemnation action for just compensation under the Takings Clause of the Fifth Amendment to the United States Constitution as a result of Defendant's taking of Plaintiffs' private property for public use without just compensation. In accordance with the Tucker Act, 28 USC §1346(a)(2), Plaintiffs seek and are entitled to judgment for money damages against the Defendant for the taking, appropriation, and interference with his land arising from the Defendant's clearing and related work in connection with construction of a "border wall" on or at Plaintiffs' property including severance damages to Plaintiffs' remainder property.

2. Defendant has engaged in an unconstitutional physical taking of an interest in real property owned and possessed by Plaintiffs without initiating or pursuing formal condemnation proceedings or payment of just compensation. Defendant's taking is permanent, substantial, and amounts to an

unlawful interference and deprivation of Plaintiffs' property interests. As a result, as more fully described below, Plaintiffs have suffered a compensable taking under the dictates of the Fifth Amendment mandating just compensation in Plaintiffs' favor.

3. Pursuant to the Tucker Act, Plaintiffs seek money damages from Defendant, together with reasonable costs, disbursements, and expenses, including reasonable attorney, appraisal and engineering fees, actually incurred because of the proceeding, under all applicable statutes and law, including the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. section 4654(c).

4 On October 28, 2025, former Department of Homeland Security Secretary Kristi Noem announced that the Agency would construct barriers and roads in the Laredo Sector of the US Border Patrol, along the River Grande River, specifically Webb and Zapata Counties, in a project area spanning 155 miles along the Rio Grande River ("Laredo Sector Project" or "the Project")..

5. In connection with the Project and construction of the border barriers, roads, and related infrastructure, Defendant will need to acquire property from hundreds of landowners, including Plaintiffs, who own property along the Rio Grande River in Webb and Zapata Counties.

6. Plaintiffs own real property in Zapata County on the planned route of Defendant's Project.

## JURISDICTION AND VENUE

7. This cause of action arises under the laws of the United States and the United States Constitution. This Court has jurisdiction over this action pursuant to 28 U.S.C §1331 and 28 U.S.C. § 1346(a)(2), as an inverse condemnation claim of less than $10,000. Plaintiffs' claim is for damages less than $10,000 and specifically waives any damages in excess of $10,000.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1402(a)(1).

## PARTIES

9. Plaintiffs JOEL RUIZ and ANA MARIA RUIZ are natural persons, spouses, residing at 110 Gutierrez Av. in San Ygnacio, Texas who own the real property in fee simple described herein made the basis of this illegal taking by Defendant.

10. Defendant is THE UNITED STATES OF AMERICA. Defendant has engaged in the conduct described herein constituting the inverse condemnation of Plaintiffs' interest in real property giving rise to this lawsuit.

## LEGAL BACKGROUND

11. The Fifth Amendment to the United States Constitution prohibits the taking of private property without just compensation. The procedure set out by Congress to comply with the dictates of the Fifth Amendment is codified as 40 U.S.C. § 3113 (The Condemnation Act), authorizing the federal government to acquire real estate for public use via condemnation authority under judicial process and only after proffering just compensation. The Defendant has not initiated acquisition of Plaintiffs' real property under the Condemnation Act. Accordingly, this action is brought pursuant to the "Little Tucker Act" for inverse condemnation under 28 U.S.C. 1346(a)(2).

## FACTS

12. Plaintiffs are the owners in fee simple title of certain real property in the township of San Ygnacio, Texas, as more particularly described in Exhibits A & B attached hereto and made a part hereof as if set out in full. Defendant has no ownership or other property rights or interests in the above-described property.

13. Beginning on or about June 3, 2026, and continuing into the present, despite not having any right to enter, possess, occupy, or otherwise engage in any activity on and to the above

described property, Defendant without notice entered, and continue to enter, Plaintiffs' property with personnel and heavy equipment. Upon entry, Defendant has proceeded to remove and clear cut all trees and woody vegetation from the area to be used by Defendant to construct its Border Wall Project. Indeed, Defendant carved a footprint through and across Plaintiffs' property in furtherance of its Project including construction of its border wall, roadways, and related infrastructure This conduct constituted an illegal trespass and taking.

14. Defendant's illegal trespass and construction activities on the subject property, in which it has no property rights or interest, have damaged Plaintiffs' personal property, including the unearthing and destruction of water lines.

15. Plaintiffs rent out their property for fishing on a daily basis as a business enterprise. Defendant has threatened Plaintiffs' customers with arrest for trespassing, claiming ownership of the property by the federal government, causing a loss of income to Plaintiffs.

16. Defendant has caused harm to Plaintiffs' property, disrupted and interfered with Plaintiffs' business on the property, and interfered with Plaintiffs' peaceful use and enjoyment of same.

## CLAIM FOR RELIEF

### Violation of The Fifth Amendment to The Constitution and the Little Tucker Act.

17. The preceding paragraphs are incorporated herein by reference.

18. The trespass, occupation, clearing and construction activities on Plaintiffs' property by Defendant constitutes a taking of Plaintiffs' real property without due and just compensation in violation of the Fifth Amendment to the US Constitution. As a result of Defendant's unconstitutional taking of Plaintiffs' property, Plaintiffs is entitled to just compensation under the Fifht Amendment of the United States Constitution. Specifically, Plaintiffs are entitled to recovery of the damages caused to the value of the real property in question including severance damages

sustained to his remainder land, along with loss of income caused by Defendants' interference with Plaintiffs' business, all in an amount less than $10,000.

19. Plaintiffs are entitled to recover reasonable and necessary attorneys' fees and litigation costs in accordance with applicable law including the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. Section 4654(c).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

1. Money damages and compensation arising from the taking unlawfully undertaken by the Defendant in a sum less than $10,000,
2. Reasonable and necessary attorneys fees through trial and all appeals, as well as all reasonable and necessary costs of court and litigation expenses.
3. Pre-judgment and post judgment interest as allowed by law;
4. All costs of court;
5. Such other and further relief to which Plaintiffs may be entitled.

Dated: August 10, 2026

Respectfully submitted,

BARRON, ADLER, CLOUGH & ODDO, PLLC

By: ______________________________

Roy R. Brandys, AIC
Texas Bar Number 02883550
Federal Admission No. 31963
brandys@barronadler.com
808 Nueces Street
Austin, Texas 78071-2216
(512) 478-4995 (phone)
(512) 478-6022 (fax)

DE ANDA LAW FIRM, LLP
Ricardo de Anda
Texas Bar Number 05689500
deandalaw@gmail.com
212 Flores Avenue
Laredo, Texas 78040
956-726-0032 (phone)

FRITZ BYRNE, PLLC
Stephen I. Adler
Texas Bar Number 00927700
sadler@fritzbyrne.law
402 West Seventh Street
Austin, Texas 78701
(512) 476-2020 (phone)

ATTORNEYS FOR PLAINTIFFS,
JOEL RUIZ and ANA MARIA RUIZ